UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Leroy Jackson, | ) | C/A No.: 6:06-cv-3022-GRA-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Officer NFN Rivers and Officer NFN Singletary, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court for a final review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., issued on December 3, 2007. Plaintiff originally filed this suit on October 24, 2006, pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Eighth Amendment rights by failing to provide him sufficient medical treatment for a skin infection.

## Procedural History

The defendants filed a motion for summary judgment on June 15, 2007; the magistrate issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on June 20, 2007, advising the plaintiff about the summary judgment dismissal procedure and the consequences if he failed to respond; and the plaintiff filed a motion in opposition on September 24, 2007.

The magistrate recommends that this Court grant the defendants' motion for summary judgment because the plaintiff has failed to demonstrate that the defendants were deliberately indifferent to his medical needs. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

## Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v.*

*Davis*, 718 F.2d 198 (4th. Cir. 1983). The plaintiff filed objections on January 14, 2008.

### **Objections**

Though the plaintiff's objections appear to be untimely, the plaintiff explains that this is because he did not receive the magistrate's Report and Recommendation until December 27, 2007. Regardless of their timeliness, this Court finds the objections to be without merit because they are not specific.

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The plaintiffs objections comprise general and conclusory statements that he is still afflicted with a skin infection. They do not specifically identify or suggest that he

disagrees with any particular portion of the magistrate's Report. Therefore, this Court need not conduct a *de novo* review of the plaintiff's objections.

## Conclusion

After a thorough review of the magistrate's Report and Recommendation, this Court finds that it applies sound legal principles to the facts of this case. Therefore, this Court adopts it in its entirety.

IT IS THEREFORE SO ORDERED THAT the defendants' motion for summary judgment be GRANTED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 7, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.